CHUANG INVESTMENTS, Plaintiff and Defendant in Counterclaim

v.

EAGLE INNS, INC. d/b/a Worcester Howard Inn Hotel and College Square Apartments, Defendant; and

MARRIOTT FAMILY RESTAURANTS, INC., Defendant and Plaintiff in Counterclaim

v.

Y.C. HOSPITALITY, INC., and Ying C. Chuang, Defendants in Counterclaim.

Civ. A. No. 93–40053–NMG.

United States District Court, D. Massachusetts.

July 26, 1995.

Darragh K. Kasakoff, Seder & Chandler, Worcester, MA, Daniel Briansky, Office of Daniel Briansky, Boston, MA, for Chuang Investments.

John O. Mirick, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for Marriott Family Restaurants, Inc.

William D. Jalkut, Fletcher, Tilton & Whipple, Worcester, MA, Daniel Briansky, Office of Daniel Briansky, Boston, MA, for Y.C. Hospitality, Inc.

Burton Chandler, Darragh K. Kasakoff, Seder & Chandler, Worcester, MA, William D. Jalkut, Fletcher, Tilton & Whipple, Worcester, MA, Daniel Briansky, Office of Daniel Briansky, Boston, MA, for Ying C. Chuang.

John O. Mirick, Paul R. Greenberg, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for Eagle Inns, Inc.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pursuant to the memorandum and order of this Court dated May 12, 1995, default judgment has entered against the defendants in counterclaim, Chuang Investments, Y.C. Hospitality, Inc., and Dr. Ying C. Chuang (collectively, "the Chuang parties"), on each of the counterclaims of plaintiff in counterclaim, Marriott Family Restaurants, Inc.

("Marriott"). Pending before this Court is a motion by Marriott to assess damages and a motion by the Chuang parties to vacate judgment and remove the default.

## I. DECLARATORY JUDGMENT

In consideration of the pleadings, the evidence offered by Marriott, and the arguments presented by the parties at the hearing held on June 2, 1995, IT IS DECLARED AND ADJUDGED THAT:

A. *The Prime Lease Is Valid.* Marriott, pursuant to a lease dated September 16, 1992 with Sidney Greenberg, is the prime lessee of the buildings and land at 800 Southbridge Street, Worcester, Massachusetts ("the Premises"). Chuang Investments, Inc., pursuant to an assignment from Sidney Greenberg, is the prime lessor of the Premises. The lease remains valid and in effect.

B. *Marriott Owns the Furniture and Fixtures.* Marriott owns the furniture, fixtures and equipment at the Premises, and the purported conveyance thereof to Ying C. Chuang for one dollar on June 27, 1990 is void.

## II. DAMAGES AWARDS

On June 2, 1995, the Court held a hearing on Marriott's motion to assess damages, at which Marriott conceded that 1) it could not prove unjust enrichment damages (Count V), and 2) the claim for contract damages, unpaid rent (Count VI), had been decided in the state court action for summary process, and therefore, such damages are barred by the principal of *res judicata.*

In its remaining claim for monetary damages (Count IV), Marriott alleges that the Chuang parties engaged in unfair and deceptive trade practices, in violation of M.G.L. c. 93A, § 11. In particular, Marriott alleges, and the Court accepts the following allegations as true in light of the previously entered default judgment:

1) Dr. Chuang and Y.C. Hospitality incurred, but failed to pay, water and sewer bills at the Premises, knowing that Marriott, as the lessee, was obligated to pay such bills under the prime lease held by Chuang Investments. Marriott did, in fact, pay those outstanding bills after recovering possession of the property in March, 1993.

2) Dr. Chuang and Y.C. Hospitality failed to make necessary repairs to the Premises, knowing that Marriott would thereby be required to pay for the repairs, pursuant to the prime lease. Marriott did, in fact, make such repairs after its reentry.

3) Dr. Chuang agreed, in settling the summary process action, to pay Marriott $45,000, in consideration for judgment being entered against Y.C. Hospitality, and not against himself personally, but, in fact, did not, and never intended to, satisfy that judgment which entered on February 24, 1993.

The Chuang parties have filed a motion to vacate the default judgment entered by this Court and to remove the default. That motion is DENIED, but an argument raised by the Chuang parties in their motion papers warrants discussion. Defendants in counterclaim cite a slip opinion of the Massachusetts Appeals Court, *Angiulo, et al. v. Revere Shipyard, Inc., et al.,* 33 Mass.App.Ct. 1118, 604 N.E.2d 1347 (Case No. 91–P–937, Dated December 15, 1992), where a lessor which obtained judgment for overdue rent in a summary process action was prohibited from bringing a second action for further breach of lease damages. The Appeals Court held that:

1) the second action was barred by the principal of *res judicata* because the lessor could have sought recovery of those additional damages in the original action, and

2) the fact that the lower court did not have subject matter jurisdiction to award those separate damages was immaterial because the lessor could have brought the original action in Superior Court, or could have sought only injunctive relief (eviction) in the summary process action.

The Chuang parties argue that this case is analogous to *Angiulo* in that Marriott could have brought its claims for water and sewer charges and for repair costs in the original action for summary process. Having failed to assert those claims in the first action, the Chuang parties contend that Marriott is pre-

cluded from asserting such claims in the present action.

The Court finds that Marriott could have asserted its Chapter 93A claims for water and sewer bills and for damages to the property in the original State Court action. Consequently, those claims are barred by the principle of *res judicata*, and no damages will be awarded thereon. The Court further finds, however, that Marriott could not have asserted its Chapter 93A claim for damages arising out of the alleged unfair and deceptive practices of the Chuang parties with respect to the settlement of the original action. The Court finds that an award of damages for that claim is warranted.

In consideration of the pleadings, the evidence offered by Marriott, and the arguments presented by the parties at the hearing held on June 2, 1995, IT IS ADJUDGED THAT:

A. Marriott Family Restaurants, Inc. shall recover from Y.C. Hospitality Inc. and Dr. Ying C. Chuang:

  1. damages flowing from the Chuang parties' unfair and deceptive trade practices in the amount of $45,116 and that, pursuant to M.G.L. c. 93A, § 11, that amount should be doubled, resulting in an award of $90,232;

  2. statutory interest on the single damages award from February 24, 1993 to the date of this judgment;

  3. attorney's fees in the amount of $28,570; and

  4. costs in the amount of $1,486.28.

B. No damages are awarded on Count V of the Complaint in Counterclaim (Unjust Enrichment).

C. No damages are awarded on Count VI of the Complaint in Counterclaim (Breach of Contract).

SO ORDERED.